MEMORANDUM **
Araya Wolde-Giorgis appeals pro se from the magistrate judge’s denial of his motion for a new trial following a jury verdict in favor of the appellees in his employment discrimination action. Wolde-Giorgis also appeals the magistrate judge’s order dismissing his minor children from the lawsuit. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
The magistrate judge did not abuse his discretion in denying the motions to recuse. The motions for recusal did not point to an extrajudicial source of bias and did not lead to a conclusion that the judge’s impartiality might reasonably be questioned. See United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir.1997). As to the motion to re-assign the case or to allow Wolde-Giorgis to withdraw his consent to a magistrate judge, Wolde-Giorgis did not show good cause or extraordinary circumstances. See 28 U.S.C. § 636(c)(4).
The magistrate judge’s admission of the appellee’s exhibits based on the application of the business record exception to the hearsay rule was not an abuse of discretion. In his testimony, Mr. Cranswick established he understood the record-keeping system. See Fed.R.Evid. 803(6); Latman v. Burdette, 366 F.3d 774, 787 n. 10 (9th Cir.2004).
Opposing counsel did not lie during her closing argument in order to inflame and mislead the jury. Opposing counsel accurately characterized the evidence and her comments were within the bounds of fair advocacy. See Settlegoode v. Portland Pub. Sch., 371 F.3d 503, 520 (9th Cir.2004).
The magistrate judge did not err by accepting the opposing counsel’s race-neutral explanation for the peremptory challenge of Juror No. 3. Opposing counsel gave a clear and reasonably specific explanation of her legitimate reasons for the exercise of the peremptory challenge. See Kesser v. Cambra, 465 F.3d 351, 359 (9th Cir.2006).
The magistrate judge did not abuse his discretion by allowing Juror No. 16 to serve on the jury. The record does not demonstrate Juror No. 16 was unable to *69 read, write, and understand English. See 28 U.S.C. § 1865(b)(2).
The magistrate judge’s response to the jury request for a list of exhibits was not an abuse of discretion. The record shows the magistrate judge weighed the relevant factors and his conclusion therefrom does not indicate he committed a clear error in judgment. See United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir.2000).
That the jurors reached a verdict in ninety minutes does not indicate the jury verdict was a result of passion, bias, and prejudice. When jurors are under oath, there is a presumption that they faithfully perform their official duties. United States v. Eldred, 588 F.2d 746, 752 (9th Cir.1978). The jurors had sufficient time to read the jury instructions and fill out the verdict form.
Therefore, these arguments do not support the contention that the magistrate judge abused his discretion in denying the motion for a new trial.
Additionally, the magistrate judge did not err in dismissing Wolde-Giorgis’s children from the action, because Wolde-Giorgis had no authority to represent his children. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir.1998) (district court properly denied appellant’s motion for joinder of his minor children because he could not represent their interests in court).
We have considered and reject all remaining arguments. We deny the request for attorney fees on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.